UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL D. STRONG,

    Petitioner,

v.

SHERRY BURT,[1]

    Defendant.

Case No. 13-15295
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Joel D. Strong, a Michigan prisoner, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He says that he was denied the effective assistance of trial and appellate counsel during proceedings related to his convictions for armed robbery and conspiracy to commit illegal activity. For the reasons that follow, the Court will DENY the Petition.

**I. BACKGROUND**

Petitioner's convictions arose from his involvement in a robbery of a Detroit-area Auto Zone store on July 16, 2008. According to trial testimony, that day, a man identified at trial as Maurice Curtis (R. 13-6, PID 727) entered the store armed with a revolver. (R. 13-6, PID 720.) He instructed store employees to walk to the safe in the manager's office, pointing the gun at them. (R. 13-6, PID 724.) Curtis forced the store manager to empty the safe and store registers

---

[1] Petitioner incorrectly listed the Respondent, the warden at Muskegon Correctional Facility, as Sherry S. Burton. The proper name is Sherry Burt. The Court hereby amends the caption to reflect the correct name.

and give him the cash. (*Id.*) Curtis then exited the store and drove away in a red Chevrolet Malibu. (R. 13-6, PID 755.)

The mother of Petitioner's child testified that she owned the red Malibu, and that Petitioner had used the car on the day of the robbery. (R. 13-6, PID 811.) Petitioner was also pulled over in the Malibu on the day of the robbery. Officer Roland Brown testified that he interviewed Petitioner shortly after he was arrested for the robbery and Petitioner confessed that he had agreed to assist Curtis in the robbery. (R. 13-7, PID 934.) Petitioner stated that he had dropped Curtis off near the Auto Zone in an alley and waited for him to return so they could leave the area. (R. 13-7, PID 935.) On his return, Curtis had a bag full of rolled coins and cash, and gave Petitioner about $100. (R. 13-7, PID 936.) Officer William Niarhos further testified that approximately 149 single bills were found in the vehicle. (R. 13-5, PID 574.)

Following a jury trial, Petitioner was convicted on December 16, 2008 of two counts of armed robbery, Mich. Comp. Laws § 750.529, and two counts of conspiracy to commit illegal activity, Mich. Comp. Laws § 750.157a. (R. 13-8, PID 1130.) Petitioner, through counsel, appealed to the Michigan Court of Appeals. His attorney raised two issues: (1) that evidence regarding other possible robberies (which had been discovered during a search of Curtis' residence) was improperly admitted; and (2) that the evidence was insufficient to support the conspiracy convictions. The Court of Appeals reversed one of Petitioner's conspiracy convictions but affirmed his other three convictions. *People v. Strong*, No. 290123, 2010 WL 2178564, at *5 (Mich. Ct. App. June 1, 2010).

Petitioner's *pro se* application for leave to appeal to the Michigan Supreme Court was denied because the Court was "not persuaded that the questions presented should be reviewed by this Court." *People v. Strong*, 790 N.W.2d 203 (Mich. 2010) (table).

Petitioner filed a motion for relief from judgment on November 3, 2011. (R. 13-13.) The trial court denied that motion. *People v. Strong*, No. 08-010204-FC, slip op. (Wayne Cty. Circuit Ct. Jan. 19, 2012). The Michigan appellate courts denied Petitioner leave to appeal the denial. *People v. Strong*, No. 311419 (Mich. Ct. App. Apr. 25, 2013; *lv. den.*, 843 N.W.2d 118 (Mich. 2013).

Petitioner then filed a Petition for habeas corpus in this Court. (R. 1.) He seeks relief on the following grounds: 1) ineffective assistance of appellate counsel, 2) trial counsel was ineffective for failing to object to the admission of irrelevant evidence, 3) trial counsel was ineffective for failing to object to the prosecution's calling of a witness not endorsed on the information, and 4) trial counsel was ineffective for failing to object to numerous instances of prosecutorial misconduct.[2]

## II. ANALYSIS

The standard of review this Court applies to each of Petitioner's claims depends on whether the claim was "adjudicated on the merits in state court[.]" 28 U.S.C. § 2554(d); *see also Johnson v. Williams*, — U.S. —, 133 S. Ct. 1088, 1097 (2013). If the Michigan Court of Appeals already decided the claim "on the merits," the Antiterrorism and Effective Death Penalty Act of 1996 requires this Court to grant the state appellate court's decision deference. In particular, AEDPA prohibits this Court from granting habeas corpus relief for any claim that the Michigan courts "adjudicated on the merits" unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as

---

[2] In the statement of questions section in Petitioner's memorandum of law, he lists five claims for relief, but the first two claims involve allegations of ineffective assistance of appellate counsel. Within the body of his argument, Petitioner only presents four claims, apparently arguing the two separate ineffective assistance of appellate counsel claims in one section. The Court will consolidate the two ineffective assistance of appellate counsel claims raised by petitioner into one claim.

determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court unreasonably applies clearly established law if it identifies the correct legal principle but unreasonably applies it to the facts of the case. *Id.* "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (internal quotation marks and citation omitted). Once a state court has determined that a claim lacks merit, a federal court is precluded from reaching a contrary conclusion as long as "fairminded jurists could disagree on the correctness of the state court's decision." *Id.* (internal quotation marks omitted). Similarly, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301, 130 S. Ct. 841, 175 L. Ed. 2d 738 (2010).

But "[w]hen a state court does not address a claim on the merits, . . . 'AEDPA deference' does not apply and [this Court] will review the claim *de novo*." *Bies v. Sheldon*, 775 F.3d 386, 395 (6th Cir. 2014).

The Court notes that here, Petitioner had both a direct appeal and a motion for relief from judgment in the state courts. Thus, claims that were adjudicated "on the merits" on direct appeal and in the post-conviction proceeding are entitled to 28 U.S.C. § 2254(d) deference. *See Bell v. Woods*, No. 2:10-CV-13467, 2014 U.S. Dist. LEXIS 185393, at *69 n.7 (E.D. Mich. Apr. 15, 2014), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 40844, at *4 (E.D. Mich. Mar. 29, 2016).

A. **Ineffective Assistance of Counsel**

Petitioner claims that his trial and appellate counsel were ineffective in a number of ways. "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

To succeed on the performance prong, Petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The reviewing court must "indulge a strong presumption" that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 689–90. Petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy. *Id*. at 689. In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1407 (2011).

To satisfy the prejudice prong, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id*.

"When a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel," and a state court has already rejected the ineffective-assistance claim "on the merits," Supreme Court precedent "require[s] that the federal court use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013); *accord Harrington*, 131 S.Ct. at 788 ("The

5

standards created by *Strickland* and [section] 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal citation omitted)). Thus, the question is whether the state court unreasonably concluded that counsel's actions were reasonable and/or not prejudicial. The same standard applies to claims of ineffective assistance of trial and appellate counsel. *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

### 1. Trial Counsel

Petitioner first argues that his trial counsel was ineffective for "failing to object to admission of irrelevant evidence" and, after the evidence was admitted, failing to object when the prosecutor mentioned the evidence in closing argument. (R. 1, PID 35, 38.) Specifically, he says that counsel should have objected to the admission of (1) testimony regarding evidence seized pursuant to a search of Curtis' house, and (2) testimony regarding a robbery at the same Auto Zone store ten days earlier, on July 6, 2008. Petitioner raised this claim in his motion for relief from judgment, and the trial court addressed both aspects of it in its opinion denying the motion. Accordingly, the Court applies AEDPA deference to the state-court's rejection of this claim.

As to the evidence seized from Curtis' house, the trial court acknowledged that "[t]he Court of Appeals held that the evidence was not relevant, and that it was error to admit it." (R. 13-14, PID 1466.) However, the state court concluded, "because of the substantial evidence presented against defendant at trial, including his own confession, defendant cannot show that, but for the unprofessional errors of counsel, there is a reasonable probability he would have been acquitted." (R. 13-14, PID 1467.)

This was not an unreasonable application of the *Strickland* standard. In *Strickland*, the Court stated, "If it is easier to dispose of an ineffectiveness claim on the ground of lack of

6

sufficient prejudice, which we expect will often be so, that course should be followed." *Id*. Even without evidence from the search of Curtis' house, the jury still heard testimony that Petitioner confessed his involvement in the robbery, drove the same car spotted as the getaway car on the day of the robbery, and accepted approximately $100 in cash from Curtis after he completed the robbery. Thus, it was not unreasonable for the state court to find that Petitioner could not show that he was prejudiced by counsel's failure to object to testimony regarding evidence seized pursuant to a search of Curtis' house.

As to the testimony regarding the prior robbery, the trial court stated, "the Court of Appeals has already determined that the evidence was not irrelevant . . . counsel could not be deemed ineffective for failing to raise this issue at trial, because counsel was not required to make a meritless argument." (R. 13-14, PID 1465–66.)

This finding was also reasonable. Curtis' prior robbery came up because the Auto Zone manager testified that he recognized Curtis on July 16th as the person who robbed the store ten days earlier. Since this evidence went to the issue of identifying Curtis, whom Petitioner admitted to helping on July 16th, it was not outside the realm of reasonable competence for counsel not to object. *Blackshere v. MacLaren*, No. 15-1904, 2016 U.S. App. LEXIS 2861, at *8 (6th Cir. Feb. 9, 2016) ("[F]ailure to raise a futile objection is not evidence of ineffective assistance." (*Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000)).

Similarly, trial counsel was not ineffective for failing to object to what Petitioner deems to be prosecutorial misconduct. Petitioner says that his counsel should have objected to the testimony from the mother of his child because she was not on the prosecutor's witness list. But in denying Petitioner's motion for relief from judgment, the trial court pointed out that the Michigan Court Rules allow the trial court to permit the testimony of an unlisted witness for

7

"good cause." (R. 13-14, PID 1468.) Further, Petitioner knew of this witness and her potential knowledge of Petitioner's whereabouts on the day of the robbery prior to his trial. Thus, it is possible that Petitioner's counsel felt that he was already prepared to cross-examine the mother of Petitioner's child despite the fact that she was not on the witness list. There were legitimate reasons for not objecting to the witness being called.

Nor was the state court's decision unreasonable when it found that trial counsel was not ineffective for failing to object to the prosecutor's remarks during his closing argument. The prosecutor suggested that Petitioner had lied when he testified at a prior evidentiary hearing. The trial court concluded that "the challenged remarks regarding defendants were made in reference to the testimony and evidence presented at trial. The prosecutor was advancing his position that various claims made by defendant were not credible in light of contradictory evidence adduced at trial." (R. 13-14, PID 1468.)

This was reasonable. Under Michigan law, "A prosecutor may argue from the facts that a witness, including the defendant, is not worthy of belief, and is not required to state inferences and conclusions in the blandest possible terms." *People v. Launsburry*, 551 N.W.2d 460, 463 (1996). Counsel, who was present for the trial and aware of the evidence presented, could have understood this to be the case and declined to raise a futile objection.

In sum, the trial court's disposal of Petitioner's ineffective assistance of trial counsel claims was not an unreasonable application of the *Strickland* standard. Petitioner is not entitled to habeas relief for these claims.

### 2. Appellate Counsel

Petitioner says that one way appellate counsel was ineffective was that he failed to raise the issues set forth above with respect to Petitioner's trial counsel. In denying Petitioner's motion

for relief from judgment and addressing this claim on the merits, the state court reasonably concluded that "[b]ecause none of the issues raised by defendant have merit, defendant cannot show that appellate counsel's performance fell below an objective standard of reasonableness, nor did the performance prejudice the appeal because no attorney is required to present such meritless arguments." (R. 13-14, PID 1470.) Again, it is not ineffective assistance of counsel if an attorney declines to present a meritless or futile argument. And even if the arguments had merit, "effective assistance does not require counsel to raise every nonfrivolous argument on appeal[.] . . . [O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008) (internal quotation marks and citations omitted; alterations in original).

Petitioner also contends that there was a "complete breakdown of communication" regarding appeal issues because his counsel never visited him in prison and did not call or write to him frequently enough. (R. 1, PID 28.) It does not appear that the state court addressed this claim on the merits, though Respondent does not argue that Petitioner did not exhaust this claim. (*See* R. 13-14, PID 1470 (stating that defendant's arguments for ineffective assistance of appellate counsel were that he was ineffective for failing to raise trial counsel's ineffectiveness and failing to raise the argument that Petitioner's confession was involuntary).

Applying *de novo* review, this argument does not establish ineffective assistance of appellate counsel. Appellate counsel filed a nineteen page brief on appeal, which raised two claims for relief. Based on the arguments appellate counsel made, the Michigan Court of Appeals reversed one of Petitioner's conspiracy convictions. And while Petitioner says that appellate counsel never visited him, counsel did correspond with Petitioner by mail. While in-person

communication is likely more efficient than letter correspondence, the Court does not find that appellate counsel's conduct constituted ineffective assistance of counsel. *See Cosme v. Elo*, No. CIV. 98-CV-75576-DT, 2000 WL 246592, at *7 (E.D. Mich. Feb. 4, 2000) ("No minimum number of meetings are required for counsel to provide reasonably effective representation, and while face to face meetings might be preferable, the record shows that there was an open line of communication between petitioner and appellate counsel through the mail.").

Petitioner seeks a different conclusion based on *Franklin v. Anderson*, 434 F.3d 412, 429 (6th Cir. 2006). But those facts were different. There, "appellate counsel never met [petitioner] or even spoke to him over the telephone. His lead counsel . . . only corresponded with him through letters," and even then, she wrote to him eleven months after she had been appointed. In addition, there were "five instances of wholly inappropriate laughing [by counsel during argument before the Ohio Supreme Court] . . . an admission by [the lead attorney] that she may be wrong about one of her contentions, equivocal responses to questions from the justices, and [another attorney's] introductory statement that she 'wished we had more to say on Mr. Franklin's behalf.' . . . [as well as] a lack of familiarity with the facts relevant to the arguments she made to the court." *Id.* at 430. Further, the petitioner in *Franklin* had requested that his attorneys withdraw twice. *Id.* By contrast here, Petitioner's attorney wrote to him within a month of being appointed and continued to correspond with him during the pendency of the appeal. Appellate counsel also raised meritorious issues resulting in a reversal of one of Petitioner's convictions. And, as noted, the issues Petitioner says counsel should have raised are not meritorious. Accordingly, the Court does not agree that Petitioner was denied the effective assistance of appellate counsel because counsel did not visit him.

On a similar note, Petitioner says that appellate counsel never informed him that the Michigan Court of Appeals had issued its opinion and he had to write to the court himself in order to figure out what happened.

A defendant's right to the effective assistance of counsel on an appeal as of right from a state conviction encompasses the right to a timely notice of the decision on that appeal. *See Smith v. State of Ohio Dept. of Rehabilitation*, 463 F. 3d 426, 433 (6th Cir. 2006). Thus, an appellate counsel's failure to provide a defendant with timely notice of the decision of an intermediate court of appeals can constitute deficient performance. *Id.* at 434–35. When a defendant alleges that his appellate counsel's ineffective assistance led "to the forfeiture of a proceeding itself" by denying him the opportunity to appeal to a higher court, prejudice is presumed. *Id.* at 435 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000)). "[F]or this presumption to apply, however, the defendant must demonstrate that counsel's deficient performance 'actually cause[d] the forfeiture of the defendant's appeal.'" *Id.* (quoting *Flores-Ortega*, 528 U.S. at 484).

Applying *de novo* review, since the state courts did not address this claim, Petitioner has not made the required showing. The Michigan Court of Appeals sent petitioner a letter on June 25, 2010, with a copy of that court's opinion from June 1, 2010 affirming petitioner's conviction. Under Michigan Court Rule 7.302(C)(3), Petitioner had fifty-six days, i.e., until July 27, 2010, to file a delayed application for leave to appeal with the Michigan Supreme Court. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Petitioner in fact filed his application on that date. There is no indication from the Michigan Supreme Court's order that they denied the application for leave to appeal as being untimely filed. Accordingly, Petitioner cannot show that appellate counsel's failure to inform him of the outcome of the appeal caused him prejudice.

Finally, Petitioner argues that appellate counsel was ineffective for failing to challenge the trial court's denial of his pre-trial motion to suppress his confession as involuntary. The trial court concluded that counsel was not ineffective for failing to raise this issue because it was meritless. (R. 13-14, PID 1470.) This was an adjudication "on the merits," and this Court finds it to be reasonable.

The trial court held an evidentiary hearing on Petitioner's motion to suppress. The officers testified that they read Petitioner his *Miranda* warnings and that Petitioner agreed to waive his rights and speak with the police. The officers also denied making any threats or promises. The officers acknowledged that they did not videotape Petitioner's statement, but stated that the video arraignments were taking place in the room where the video equipment was located and that the room was also hot.

Petitioner, by contrast, testified that he was not given his *Miranda* warnings before the interrogation began, that the police threatened to charge him with additional robberies if he did not confess to this one, that they would not return the car that Petitioner had been driving until he confessed, and that they made numerous promises of leniency.

The trial judge observed that Petitioner's position was that "the police lied," but that "[t]he officers were unequivocal in their testimony." (R. 13-3, PID 280–84.) In contrast, the judge indicated Petitioner had equivocated on some issues and "qualified some answers." *Id.* The judge further found that the police had adhered to the procedures required under the law for obtaining a confession. (*Id.* at PID 285–86.). In particular, the judge noted that the questioning was only for about one hour, and Petitioner had only been in custody for six or seven hours before the interrogation. He found that Petitioner had not been denied food or sleep, nor was he injured. Although Petitioner indicated that he drank half a pint of Cognac that day, he had

12

testified that he was not intoxicated at the time of the interview. The judge specifically noted that Petitioner initialed all of the *Miranda* rights on the interrogation form. Although the trial judge did mention a consent decree, pursuant to which the Detroit Police Department was supposed to audiotape or videotape all confessions, he noted that this often was not done because of equipment or personnel problems. (*Id.* at PID 280–84.)

Overall, the trial judge denied Petitioner's motion to suppress based on his determination, from the testimony and observation of the witnesses, that the police officers were credible and Petitioner was not. When reviewing the voluntariness of a confession, the Michigan Court of Appeals gives great deference to the trial court's assessment of the weight of the evidence and credibility of the witnesses. *See, e.g.*, *People v. Howard*, 575 N.W.2d 16, 26 (1997). Accordingly, appellate counsel could have reasonably concluded that any challenge to the trial judge's ruling had little chance of success, especially where the trial court considered the factors set forth in *People v. Cipriano*, 429 N.W.2d 781, 790 (1988) for evaluating whether a statement was voluntary. *See Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (applying AEDPA deference, state court determination that counsel was not ineffective was reasonable because counsel was not required to raise "a claim doomed to fail").

Accordingly, this claim is not a basis for habeas relief.

### III. CONCLUSION

For the reasons set forth above, the Court will not grant Petitioner the relief requested in his Petition. The Court also believes that no reasonable jurist would find that Petitioner's claims have merit, so a certificate of appealability will not issue from this Court. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). But if Petitioner nonetheless chooses to appeal, he may proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

Accordingly, IT IS ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED.

It is further ORDERED that a Certificate of Appealability is DENIED.

It is further ORDERED that Petitioner may proceed *in forma pauperis* on appeal.

SO ORDERED.

                                         s/Laurie J. Michelson
                                         LAURIE J. MICHELSON
Dated: December 7, 2016           U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 7, 2016.

                                         s/Keisha Jackson
                                         Case Manager